**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| OSCAR GARCIA,                                 )<br>                                               )<br>      Plaintiff,                              )<br>                                               )<br>vs.                                            )<br>                                               )<br>REGIONAL TRUSTEE SERVICE                      )<br>CORPORATION, a foreign corporation,)<br>FIRST HORIZON HOME LOANS                      )<br>CORPORATION, a revoked corporation,)<br>MORTGAGE ELECTRONIC REGISTRATION   )<br>SYSTEMS, INC., a foreign                      )<br>corporation, and DOES 1-10,                   )<br>inclusive, and all other persons   )<br>unknown claiming any right, title, )<br>estate, lien or interest in the    )<br>real property described herein.    )<br>                                               )<br>      Defendants.                              )<br>                                               )<br>_____)  | 3:11-cv-00470-ECR-VPC<br><br>**Order** |

## I. Background

On or about March 29, 2007, Plaintiff Oscar Garcia entered into a purchase money mortgage agreement in the amount of $244,925.00 with lender First Horizon Home Loan Corporation, secured by a deed of trust to the property located at 4381 Santa Maria Drive, Reno, Nevada 98502 (the "Property"). (Second Am. Compl. ¶¶ 1-2 (#23); Request for Judicial Notice[1], Deed of Trust, Ex. 1 (#28).)  On

---

[1] Defendants request judicial notice of the deed of trust, notice of default, assignment of deed of trust, substitution of trustee, notice of trustee's sale, and other such exhibits. (Request for Judicial Notice (#28).)  Under Federal Rule of Evidence 201, a court may judicially notice matters of public record.  Disabled Rights

October 18, 2010, a notice of default was recorded under Washoe County recording number 3934174.  (Request for Judicial Notice, Ex. 2 Notice of Default and Election to Sell (#28).)  On March 30, 2011, an assignment of deed of trust from Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for First Horizon Home Loan Corporation to EverBank was recorded under Washoe County recording number 3988443.  (Request for Judicial Notice, Ex. 3 Assignment of Deed of Trust (#28).)  On the same day, a substitution of trustee was recorded under Washoe County recording number 3988444, naming Regional Service Corporation ("Regional" the Trustee.  (Request for Judicial Notice, Ex. 4 Substitution of Trustee (#28).)  On April 19, 2011, Regional recorded a notice of trustee's sale under Washoe County recording number 3994868, setting a foreclosure date for May 9, 2011 at 11:00 A.M.  (Request for Judicial Notice, Ex. 5 Notice of Trustee's Sale (#28).)  The Property went to sale on May 9, 2011, and Federal National Mortgage Association purchased the Property. (Request for Judicial Notice, Ex. 6 Trustee's Deed Upon Sale (#28).)

On May 2, 2011, Plaintiff filed a complaint in the Second Judicial District Court for the State of Nevada in and for the County of Washoe, alleging claims for (1) violation of Truth in Lending Act ("TILA"); (2) declaratory relief; (3) debt collection violations; (4) violations of the Nevada Unfair and Deceptive Trade Practice Act; (5) quiet title; (6) rescission; and (7) wrongful foreclosure.  (Not. of Removal, Ex. A (#1).)  On July 1, 2011,

---

Action Comm. v. Las Vegas Events, Inc., 375 F.3d 861, 866 n. 1 (9th Cir 2004).  Therefore, we take judicial notice of these public records.

2

1  Defendant MERS and Regional removed the action to this Court on the
2  basis of diversity jurisdiction.  (Not. of Removal (#1).)  On
3  October 31, 2011, Plaintiff filed a first amended complaint (#17).)
4       On December 2, 2011, a case management conference was held and
5  Plaintiff was ordered to file a second amended complaint properly
6  identifying defendants in the caption.  (Dec. 2, 2011 Minutes
7  (#22).)  Plaintiff filed his second amended complaint (#24).
8       Now pending are an amended motion to remand (#24) filed by
9  Plaintiff, and a motion to dismiss (#27) filed by MERS and Regional.

## II. Motion to Remand (#24)

**A. Legal Standard**

Under the federal removal statute, 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Removal of a case to a United States District Court may be challenged by motion, and a federal court must remand a matter if there is a lack of jurisdiction. 28 U.S.C. § 1441(c). Removal statutes are construed restrictively and in favor of remanding a case to state court. See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); Gaus v. Miles, Inc., 980 F.2 564, 566 (9th Cir.1992). On a motion to remand, the removing defendant faces a strong presumption against removal and bears the burden of establishing that removal is proper. Gaus, 980 F.2d at 566-67;

3

Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 403-04 (9th Cir.1996).

A district court has original jurisdiction over civil actions where the suit is between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00. 28 U.S.C. § 1332(a). For this reason, an action based on diversity jurisdiction is "removable only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought." 28 U.S.C. § 1441(b).

**B. Discussion**

Plaintiff contends that the matter should be remanded to the State Court because there is no diversity jurisdiction and that regardless, the Court should abstain from hearing the matter which sounds in state law.  In the alternative, Plaintiff requests that the Court stay the action until a final decision is reached in Chapman v. Deutsche Bank Nat'l Trust Co., 651 F.3d 1039 (9th Cir. 2011).

1. Diversity Jurisdiction

Plaintiff argues only that there are no federal questions presented and does not address diversity jurisdiction under 28 U.S.C. § 1332(a).  The Notice of Removal (#1) clearly provides that the action was removed under 28 U.S.C. § 1332, and Plaintiff has not argued or shown that the parties are not diverse or that the amount in controversy is not met.  Therefore, we reject Plaintiff's argument that the action must be remanded due to lack of federal question jurisdiction, and deny the request for attorney's fees.

2. Abstention

4

Plaintiff argues that federal courts should abstain from making state law, arguing that there have been inconsistent rulings within this District, that this Court would have to predict how the Nevada Supreme Court would rule on certain state law matters, and that the possibility of making a ruling that conflicts with state law decisions should be avoided. However, these potential problems are not peculiar to the federal courts. The State Court would also be in a position of avoiding inconsistent rulings and having to predict how the Nevada Supreme Court would likely rule on an unaddressed issue of state law. The Court will therefore decline, in its discretion, to abstain for these reasons.

### 3. Stay

Plaintiff also requests a stay pursuant to the prior exclusive jurisdiction doctrine as pronounced by the Ninth Circuit in Chapman v. Deutsche Bank Nat'l Trust Co., 651 F.3d 1039, 1043 (9th Cir. 2011), which, where it applies, requires federal courts to stay or dismiss federal actions in favor of state-court litigation.  In Chapman, the Ninth Circuit held that the doctrine of prior exclusive jurisdiction holds that "when one court is exercising *in rem* jurisdiction over a *res*, a second court will not assume *in rem* jurisdiction over the same *res*." Id. (quoting Marshall v. Marshall, 547 U.S. 293, 311 (2006)).  As summarized by the Supreme Court:

> Where the action is in rem the effect is to draw to the federal court the possession or control, actual or potential, of the res, and the exercise by the state court of jurisdiction over the same res necessarily impairs, and may defeat, the jurisdiction of the federal court already attached.  The converse of the rule is equally true, that where the jurisdiction of the state court has first attached, the federal court is precluded form exercising

5

> its jurisdiction over the same res to defeat or impair the state court's jurisdiction.

Kline v. Burke Constr. Co., 260 U.S. 226, 229 (1922), *quoted in* Chapman, 651 F.3d at 1043-44.  The doctrine therefore applies only when both actions are *in rem* or *quasi in rem*, and does not apply when if either action is *in personam*.  Chapman, 651 F.3d at 1044 (citing State Eng'r v. S. Fork Band of Te-Moak Tribe of W. Shoshone Indians, 339 F.3d 804, 811 (9th Cir. 2003)).

> Accordingly, where parallel state and federal proceedings seek to determine interests in specific property as against the whole world (*in rem*), or where the parties' interest in the property serve as the basis of jurisdiction for the parallel proceedings (*quasi in rem*), then the doctrine of prior exclusive jurisdiction fully applies.

Chapman, 651 F.3d at 1044 (internal quotation marks, alterations, and citations omitted).  Furthermore, where the doctrine applies, it is "no mere discretionary abstention rule.  Rather, it is a mandatory jurisdictional limitation."  State Eng'r, 339 F.3d at 810 (citations and internal quotation mark omitted); see also Chapman, 651 F.3d at 1044 n.1 ("[I]f the doctrine applies, it is legal error for a district court not to remand, dismiss, or stay federal proceedings on account of the state court's prior exercise of jurisdiction, and any decision on the merits must be vacated.").

The Ninth Circuit concluded that the characterization of unlawful detainer actions and quiet title actions as *in rem* or *quasi in rem* or *in personam* was an unresolved issue of state law and certified the following questions to the Nevada Supreme Court:

> 1. Is a quiet title action under Nevada Revised Statues § 40.010, which is premised on an allegedly invalid trustee's sale under Nevada Revised Statutes § 107.080(5)(a), properly

6

>    characterized under Nevada law as a proceeding *in person*, *in rem*, or *quasi in rem*?
>
>    2. Is an unlawful detainer action under Nevada Revised Statutes § 40.255(1)(c) properly characterized under Nevada law as a proceeding *in personam*, *in rem*, or *quasi in rem*?

Chapman, 651 F.3d at 1048.

On July 11, 2011, Plaintiff filed a motion to stay (#5) pending the outcome of the questions certified to the Nevada Supreme Court by the Ninth Circuit in Chapman. MERS and Regional opposed (#8) on the basis that there is no concurrent or subsequent case involving the Property. In his reply (#11), Plaintiff did not dispute that there is no concurrent or subsequent case that would make this case factually similar to Chapman. On August 4, 2011, the Court denied (#12) Plaintiff's motion to stay (#5). Plaintiff's request for a stay contained in the amended motion to remand (#24) appears to be nothing more than a second attempt to resurrect an argument already denied by this Court. In the reply (#26), Plaintiff makes a vague reference to an unlawful detainer action filed in state court, but does not state when that action was filed. Plaintiff only claims that "[p]ost filing his Amended Motion for Remand" he found that the federal National Mortgage Association filed their unlawful detainer action in Reno Justice Court, Case No. RJC 2011 072253. Plaintiff provides no further details, and because the argument was made only in reply, Defendants were unable to counter the suggestion that there may be a simultaneous action in state court. However, given that Plaintiff had previous opportunity to show a simultaneous action in the motion to stay (#5), in the reply to the motion to stay (#11), and the amended motion to remand (#24) and failed to do

7

so, the Court refuses to reconsider its previous ruling that a stay in not appropriate in this case under Chapman. Even if an unlawful detainer action was filed in state court after this Court took jurisdiction pursuant to the notice of removal and 28 U.S.C. § 1332(a), regardless of whether these actions are considered *in rem*, this court would have priority in exercising jurisdiction and remand or dismissal would not be necessary. Therefore, Plaintiff's request for a stay shall be denied.

### III. Motion to Dismiss (#27)

**A. Legal Standard**

Courts engage in a two-step analysis in ruling on a motion to dismiss. Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). First, courts accept only non-conclusory allegations as true. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. Federal Rule of Civil Procedure 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 1950. The Court must draw all reasonable inferences in favor of the plaintiff. See Mohamed v. Jeppesen Dataplan, Inc., 579 F.3d 943, 949 (9th Cir. 2009).

After accepting as true all non-conclusory allegations and drawing all reasonable inferences in favor of the plaintiff, the Court must then determine whether the complaint "states a plausible

8

claim for relief." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949 (citing Twombly, 550 U.S. at 556). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. A complaint that "pleads facts that are 'merely consistent with' a defendant's liability...'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557).

**B. Discussion**

1. TILA Violations

Plaintiff alleges that Defendants violated TILA by failing to answer his demands for the name and address of the purported owner of his mortgage. Defendants argue that the TILA claim is barred by the one-year statute of limitations, which generally starts at the consummation of the transaction. See King v. California, 784 F.2d 910, 915 (9th Cir. 1986). Plaintiff's loan closed on or about March 29, 2007, several years before Plaintiff filed his complaint. In response, Plaintiff states that the court should decide whether equitable tolling is applicable to this action. Plaintiff has not made any argument or allegation that equitable tolling is appropriate in this action and therefore the TILA claim shall be dismissed.

2. Declaratory Relief

9

Declaratory relief is a remedy, not an independent cause of action. Parker v. Greenpoint Mortg. Funding Inc., No. 3:11-cv-00039-ECR-RAM, 2011 WL 2923949, at *5 (D. Nev. Jul. 15, 2011); In re Wal-Mart Wage & Hour Emp't Practices Litig., 490 F.Supp.2d 1091, 1130 (D. Nev. 2007). Because we decline to dismiss one of Plaintiff's substantive causes of action, we decline to dismiss Plaintiff's second cause of action for declaratory relief but note that it is a remedy rather than a cause of action.

### 3. Debt Collection Violations

Plaintiff's third cause of action alleges that Defendants violated Nevada Revised Statute 649.370, which provides that any violation of the Federal Fair Debt Collection Practice Act ("FDCPA") is a violation of Nevada law. Plaintiff's claim fails as a matter of law because foreclosure pursuant to a deed of trust does not constitute debt collection under the FDCPA. Camacho-Villa v. Great W. Home Loans, No. 3:10-cv-00210, 2011 WL 1103681 at *4 (D. Nev. Mar. 23, 2011). Therefore, Plaintiff's third claim must be dismissed without leave to amend.

### 4. Unfair and Deceptive Trade Practices

Plaintiff's fourth cause of action for violation of the Nevada Unfair and Deceptive Trade Practices Act, Nev. Rev. Stat. § 598.0923, also fails as a matter of law. The statute provides that a person engages in deceptive trade practices when he or she knowingly conducts his or her business or occupation without all required state, county, or city licenses. NEV. REV. STAT. § 598.0923(1). However, the statutes explicitly state that the following activities do not constitute doing business in Nevada: (1)

10

maintaining, defending or settling any proceeding; (2) creating or acquiring indebtedness, mortgages and security interests in real or personal property; and (3) securing or collecting debts or enforcing mortgages and security interests in property securing the debts. NEV. REV. STAT. § 80.015(1)(a), (g), (h). Because Defendants are explicitly exempted from the need to acquire licenses, the Court dismisses Plaintiff's fourth cause of action without leave to amend.

### 5. Quiet Title

In Nevada, a quiet title action may be brought "by any person against another who claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim." NEV. REV. STAT. § 40.010. "In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself." Breliant v. Preferred Equities Corp., 918 P.2d 314, 318 (Nev. 1996). "Additionally, an action to quiet title requires a plaintiff to allege that she has paid any debt owed on the property." Lalwani v. Wells Fargo Bank, N.A., No. 2-11-cv-00084, 2011 WL 4574338, at *3 (D. Nev. Sep. 30, 2011) (citing Ferguson v. Avelo Mortg., LLC, No. B223447, 2011 WL 2139143, at *2 (Cal.App.2d June 1, 2011)). Plaintiff has failed to allege that Plaintiff is not in breach of the loan agreement, and it is indisputable that such a claim cannot be made. Accordingly, Plaintiff's fifth cause of action is dismissed.

### 6. Rescission-Mistake-Void Agreement

Rescission is a remedy and not an independent cause of action under Nevada law. Frederick v. Fed. Nat'l Mortg. Ass'n, No. 2:11-cv-00522-GMN-CWH, 2012 WL 1340801, at *6 (D. Nev. Apr. 18, 2012);

11

see also Great Am. Ins. Co. v. Gen. Builders, Inc., 934 P.2d 256 (Nev. 1997) ("[R]escission is not a claim, but rather a remedy."). Because we decline to dismiss one of Plaintiff's substantive claims, we decline to dismiss the rescission claim, but note that it is a remedy rather than a cause of action.

### 7. Violation of Nev. Rev. Stat. § 107.086

Nevada's foreclosure statute, Nev. Rev. Stat. § 107.080(2)(c), governing notice to a borrower, requires only that the beneficiary, its successor in interest, or trustee record a notice of breach and of the election to sell.  Plaintiff alleges that Defendants failed to properly file a notice of availability of mediation with their notice of default.  Nev. Rev. Stat. § 107.086(2) requires that before exercising a power of sale as part of a nonjudicial foreclosure, a trustee must include a mediation election form with the notice of default that is sent to the grantor.  Instead of providing documents that would show that the notice of default included a mediation election form, Defendants respond that Plaintiff's allegations are vague, conclusory, and unwarranted.  The notice of default as filed with the request for judicial notice does not include such a form.  Defendants also argue that because Plaintiff has failed to show that he is not in default, he cannot have a claim for wrongful foreclosure.  However, Plaintiff has alleged a claim that Defendants violated Nev. Rev. Stat. § 107.086 as in effect on the date the notice of default was filed, and Defendants have failed to oppose in a meaningful manner.  For that reason, we decline to dismiss this claim.  Defendants may, however,

prevail in a summary judgment motion upon a showing that the mediation election forms were sent.

### 8. Cancel Trustee's Deed

Plaintiff requests that we cancel the deed of trust because Regional was not an authorized agent as stated on the deed of trust and because the original Trustee's deed and original promissory notes no longer exist, if they ever did exist. To the extent that Plaintiff's claim requests cancellation, it is a remedy. However, because Plaintiff makes vague allegations similar to those often made in wrongful foreclosure claims, we shall consider this claim as if it were a wrongful foreclosure claim.

Pursuant to Nevada law,

> An action for the tort of wrongful foreclosure will lie if the trustor or mortgagor can establish that at the time the power of sale was exercised or the foreclosure occurred, no breach of condition or failure of performance existed on the mortgagor's or trustor's part which would have authorized the foreclosure or exercise of the power of sale.

Collins v. Union Fed. Sav. & Loan Ass'n, 662 P.2d 610, 623 (Nev. 1983); see also Cervantes v. Countrywide Home Loans, 656 F.3d 1034, 1044 (9th Cir. 2011) (holding that plaintiff-appellants cannot state a claim for wrongful foreclosure while in default). Because Plaintiff cannot dispute that he is in default, Defendants had authority to foreclose and Plaintiff's wrongful foreclosure claim must be dismissed. Furthermore, Defendants have provided judicially noticed recorded documents of the deed of trust, notice of default, and assignment of deed of trust. Therefore, Plaintiff cannot state a wrongful foreclosure claim on these grounds.

13

### IV. Conclusion

**IT IS, THEREFORE, HEREBY ORDERED** that the amended motion to remand (#24) is **DENIED**. In addition, the original motion to remand (#20) is **DENIED** as moot, as it was filed before the filing of the second amended complaint (#23) and the amended motion to remand (#24).

**IT IS FURTHER ORDERED** that the motion to dismiss (#27) is **GRANTED IN PART AND DENIED IN PART**: Plaintiff's first cause of action for violations of TILA, third cause of action for debt collection violations, fourth cause of action for unfair and deceptive trade practices, fifth cause of action for quiet title, and eighth cause of action for wrongful foreclosure to cancel trustee's deed are **DISMISSED WITH PREJUDICE**, and the remaining claims are not dismissed.

DATED: August 23, 2012.

_____
UNITED STATES DISTRICT JUDGE