**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| OSCAR GARCIA, )<br>            )<br>    Plaintiff, )<br>            )<br>    v.      )<br>            )<br>REGIONAL TRUSTEE SERVICES )<br>CORPORATION, et al., )<br>            )<br>    Defendants. )<br>_____ ) | 3:11-cv-470-RCJ-VPC<br><br>**ORDER** |

Currently before the Court are Defendants' Motion for Summary Judgment (#34) and Plaintiff's Motion to Strike "Brand New" Declaration (#40).

**BACKGROUND**

In December 2011, Plaintiff Oscar Garcia filed a Second Amended Complaint ("SAC") against Defendants Regional Trustee Service Corporation, Mortgage Electronic Registration Systems, Inc. ("MERS"), and Federal Home Loan Mortgage Corporation (collectively "Defendants"). (SAC (#23) at 1). Plaintiff alleged the following causes of action against Defendants: (1) violation of Truth in Lending Act ("TILA"); (2) declaratory relief; (3) debt collection violations; (4) unfair and deceptive trade practices; (5) quiet title; (6) rescission-mistake-void agreement; (7) violation of NRS Chapter 107; and (8) wrongful foreclosure to cancel trustee's deed. (*Id.* at 3-13).

In August 2012, Judge Edward C. Reed dismissed Plaintiff's first, third, fourth, fifth, and eighth causes of action without leave to amend. (Order (#33) at 14). With respect to the second cause of action, Judge Reed stated that declaratory relief was a remedy rather than a cause of action but declined to dismiss the second cause of action because one of Plaintiff's

substantive causes of action remained. (*Id.* at 10). With respect to the sixth cause of action, Judge Reed stated that rescission was a remedy and not an independent cause of action but declined to dismiss the sixth cause of action because one of Plaintiff's substantive causes of action remained. (*Id.* at 11-12).

With respect to the seventh cause of action for violations of NRS Chapter 107, Judge Reed stated the following:

> Plaintiff alleges that Defendants failed to properly file a notice of availability of mediation with their notice of default. Nev. Rev. Stat. § 107.086(2) requires that before exercising a power of sale as part of a nonjudicial foreclosure, a trustee must include a mediation election form with the notice of default that is sent to the grantor. Instead of providing documents that would show that the notice of default included a mediation election form, Defendants respond that Plaintiff's allegations are vague, conclusory, and unwarranted. The notice of default as filed with the request for judicial notice does not include such a form. Defendants also argue that because Plaintiff has failed to show that he is not in default, he cannot have a claim for wrongful foreclosure. However, Plaintiff has alleged a claim that Defendants violated Nev. Rev. Stat. § 107.086 as in effect on the date the notice of default was filed, and Defendants have failed to oppose in a meaningful manner. For that reason, we decline to dismiss this claim. Defendants may, however, prevail in a summary judgment motion upon a showing that the mediation election forms were sent.

(*Id.* at 12-13).

The pending motion now follows.

## LEGAL STANDARD

In reviewing a motion for summary judgment, the court construes the evidence in the light most favorable to the nonmoving party. *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). Pursuant to Fed.R.Civ.P. 56, a court will grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). Material facts are "facts that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.*

The moving party bears the initial burden of identifying the portions of the pleadings and evidence that the party believes to demonstrate the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265

1  (1986).  A party asserting that a fact cannot be or is genuinely disputed must support the
2  assertion by "citing to particular parts of materials in the record, including depositions,
3  documents, electronically stored information, affidavits or declarations, stipulations (including
4  those made for purposes of the motion only), admissions, interrogatory answers, or other
5  materials" or "showing that the materials cited do not establish the absence or presence of a
6  genuine dispute, or that an adverse party cannot produce admissible evidence to support the
7  fact."  Fed. R. Civ. P. 56(c)(1)(A)-(B).  Once the moving party has properly supported the
8  motion, the burden shifts to the nonmoving party to come forward with specific facts showing
9  that a genuine issue for trial exists.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475
10 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).  "The mere existence of a
11 scintilla of evidence in support of the plaintiff's position will be insufficient; there must be
12 evidence on which the jury could reasonably find for the plaintiff."  *Anderson*, 477 U.S. at 252,
13 106 S.Ct. at 2512.  The nonmoving party cannot defeat a motion for summary judgment "by
14 relying solely on conclusory allegations unsupported by factual data."  *Taylor v. List*, 880 F.2d
15 1040, 1045 (9th Cir. 1989).  "Where the record taken as a whole could not lead a rational trier
16 of fact to find for the nonmoving party, there is no genuine issue for trial."  *Matsushita*, 475
17 U.S. at 587, 106 S.Ct. at 1356.

## DISCUSSION

19    Defendants Regional Trustee Services and MERS filed a motion for summary judgment
20 on the remaining cause of action for violation of NRS § 107.086 and the remedies for
21 declaratory relief and rescission-mistake-void agreement.  (Mot. for Summ. J. (#34) at 1, 4).
22 Defendants assert that they complied with all of the statutory requirements as demonstrated
23 by the declaration of Melissa Hjorten.  (*Id.* at 7).  Defendants assert that the statute does not
24 require them to record the notice of availability of mediation form with the notice of default, like
25 Plaintiff asserts, but requires that the form be mailed to the grantor or person who holds the
26 title of record with the notice of default.  (*Id.*).  Defendants assert that they mailed the notice
27 of availability of mediation form with the notice of default and other required documents to
28 Plaintiff on October 25, 2010 via First Class and Certified Mail.  (*Id.*).  Defendants also assert

that they recorded the Certificate of the State of Nevada Foreclosure Mediation form in April 2011, in Washoe County. (*Id.* ). Defendants assert that because Plaintiff's substantive claim fails the Court must dismiss Plaintiff's claims for declaratory relief and rescission with prejudice. (*Id.* at 8).

In support of the motion for summary judgment, Defendants filed the declaration of Melissa Hjorten, the Assistant Vice President of Regional Trustee Services Corporation. (Hjorten Decl. (#35) at 1). Hjorten declared the following. (*Id.* at 2). She had personal knowledge of the facts based on her review of the foreclosure records. (*Id.*). She was familiar with the business records maintained by Regional for the purpose of Regional acting as a foreclosure trustee. (*Id.*). The records were "made at or near the time by, or from information provided by, persons with knowledge of the activity and transactions reflected in such records, and [were] kept in the course of business activity conducted regularly by Regional." (*Id.*). She had personally examined the business records. (*Id.*).

In support of her declaration, Hjorten attached a copy of the foreclosure packet mailed to Plaintiff on October 25, 2010 via First Class and Certified Mail. (Exh. 1 (#35) at 5-31). The packet included, *inter alia*, a copy of the notice of default recorded on October 18, 2010, and a copy of the notice of availability of mediation election form. (*Id.* at 21-29). The Certified Mailing Receipt shows that Plaintiff signed for the packet on November 3, 2010. (*Id.* at 35-36). Hjorten also attached affidavits of mailing signed by Emily Salgado and a copy of the Certificate from the State of Nevada Foreclosure Mediation Program, recorded on April 7, 2011, in Washoe County, which states that the property was "non-applicable" and that the beneficiary could proceed with the foreclosure process. (Exh. 2 (#35) at 33-34, 38).

In response, Plaintiff argues that Hjorten does not have personal knowledge of the documents because she only has personal knowledge that other people made copies. (Opp'n to Mot. for Summ. J. (#37) at 2). Plaintiff asserts that Hjorten's declaration and the exhibits attached are inadmissible and that the motion for summary judgment fails. (*Id.* at 3).

In reply, Defendants assert that Hjorten's declaration is admissible because her declaration is based on personal knowledge imputed from the business records exception of

Federal Rule of Evidence 803(6). (Reply to Mot. for Summ. J. (#38) at 2-3). Defendants also attach the declaration of Jeff Sherwood, a SVP of Operations and Finance for WALZ Group, LLC, an authorized representative for Regional and the company that acted as a vendor for Regional in Plaintiff's foreclosure and the employer of Emily Salgado. (*Id.* at 3; Sherwood Decl. (#39)).

In sur-reply, Plaintiff files an opposition to Defendants' reply because it was filed on October 19, 2012, which Plaintiff argues is late. (Opp'n to Late Reply/Mot. to Strike (#40) at 2). Plaintiff also moves to strike the new declaration and argues that both declarations were filed in bad faith. (*Id.* at 2-3).

In response, Defendants argue that their reply was timely because the Court's docket sheet specified that their reply was due on October 19, 2012. (Resp. to Opp'n to Late Reply/Mot. to Strike (#41) at 2). Defendants assert that Plaintiff's motion to strike has no merit. (*Id.*).

As an initial matter the Court denies Plaintiff's Motion to Strike (#40). The Court ordered Defendants' reply due on October 19, 2012, and Defendants complied with that order. (*See* Docket Sheet Entry (#37)). The Court finds that Plaintiff's argument that Defendants' declarations were filed in bad faith is meritless.

With respect to Hjorten's declaration, the Court finds that the exhibits are properly admitted under the business records exception. *See Riehm v. Countrywide Home Loans, Inc.*, 3:10-CV-00004-ECR, 2012 WL 3686798, *4 (D. Nev. Aug. 27, 2012) (finding that the declaration of the Vice President of Recontrust who was personally familiar with the process for storing and retrieving Recontrust's affidavits of mailing had properly authenticated the affidavits of mailing and certified mail envelopes by declaring that they were used in the regularly, conducted normal course of business). Hjorten, the Vice President of Regional, declared that in the regular course of her job she was familiar with the business records maintained by Regional for the purpose of acting as a foreclosure trustee which included making copies of all documents at or near the time that the documents were created. (*See* Hjorten Decl. (#35) at 2). As such, Hjorten's declaration and exhibits are admissible.

Defendants exhibits demonstrate that they mailed mediation election forms to Plaintiff along with the notice of default packet on October 25, 2010.  Plaintiff received that packet on November 3, 2010 and signed a certified mailing receipt.  Defendants later recorded a Certificate from the State of Nevada Foreclosure Mediation Program which directed Defendants to proceed with the foreclosure.  As such, there are no genuine issues of material fact remaining in this case.  The Court grants summary judgment to Defendants on the seventh cause of action for violations of NRS Chapter 107.  Because there are no remaining substantive causes of action, Plaintiffs are not entitled to declaratory relief or rescission and the Court dismisses those causes of action with prejudice.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that Defendants' Motion for Summary Judgment (#34) is GRANTED in its entirety with prejudice.  There are no remaining claims in this case.

IT IS FURTHER ORDERED that Plaintiff's Motion to Strike (#40) is DENIED.

IT IS FURTHER ORDERED that any notice of lis pendens that may be filed on the property at issue is CANCELLED and EXPUNGED.

The Clerk of the Court shall enter judgment accordingly.

DATED: This 9th day of July, 2013.

_____
United States District Judge